IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT EARL KING, | § | |
| TDCJ-CID NO. 1196779, | § | |
| Petitioner, | § | |
| v. | § | CIVIL ACTION NO. H-07-1712 |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional Institutions Division, | § | |
| Respondent. | § | |

OPINION ON DISMISSAL

Petitioner Robert Earl King, an inmate incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ-CID"), has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his state court felony conviction. For the reasons that follow, the Court will dismiss the petition pursuant to 28 U.S.C. § 2244(d) because it is barred by the governing statute of limitations.

I.   PROCEDURAL HISTORY

Petitioner was convicted in the 284th Criminal District Court of Montgomery County, Texas, of the felony offense of burglary of a habitation in cause number 02-11-07598-CR-1. (Docket Entries No.1, No.2). Petitioner's conviction was affirmed on direct appeal and his Petition for Discretionary Review ("PDR") was refused on May 4, 2005. (Docket Entry No.2); *King v. State*, No. 12-03-00369-CR, 2004 WL 2955861 (Tex. App.–Tyler 2004, pet. ref'd). Although petitioner did not file a petition for writ of *certiorari* with the United States Supreme Court, his time to do so expired ninety days after the PDR was refused. SUP. CT. R. 13.1. Thus, petitioner's conviction became final for purposes of federal habeas corpus review on or about August 2, 2005. *See* 28 U.S.C. § 2244(d)(1)(A).

Petitioner filed an application for a writ of habeas corpus in the 284th Criminal District Court on July 21, 2006. The Texas Court of Criminal Appeals denied the application without written order on the trial court's findings without a hearing on January 10, 2007. (Docket Entry No.2). Petitioner filed the pending federal petition for a writ of habeas corpus with this Court on May 15, 2007.[1] (Docket Entry No.1). Therefore, petitioner's petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). *Lindh v. Murphy*, 521 U.S. 320 (1997).

Petitioner seeks federal habeas relief on grounds that he was denied the effective assistance of counsel at trial and on appeal in violation of the Sixth Amendment. (Docket Entry No.1).

II.   ONE-YEAR STATUTE OF LIMITATIONS

Under AEDPA, habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

(d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --

    (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[1] The district clerk actually recorded the petition as filed on May 17, 2007, but petitioner indicates that he mailed to petition on May 15, 2007. For statute of limitations purposes, the Court treats the date a *pro se* prisoner deposits a federal petition in the mail as the filing date. *Fisher v. Johnson*, 174 F.3d 710, 712 n.8 (5th Cir. 1999) (citing *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (per curiam)).

      (C)      the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

      (D)      the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)      The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)–(2). The one-year limitations period became effective on April 24, 1996, and applies to all federal habeas corpus petitions filed on or after that date. *Flanagan*, 154 F.3d at 198 (citing *Lindh*, 521 U.S. 320). Because petitioner's petition was filed well after that date, the one-year limitations period applies to his claims. *See id.* at 198.

Although the statute of limitations is an affirmative defense, the courts are authorized to raise such defenses *sua sponte* in habeas actions. *Kiser v. Johnson*, 163 F.3d 326, 329 (5th Cir. 1999). This Court may therefore properly determine at the outset whether petitioner's petition is timely or not. As noted above, under AEDPA, petitioner's one-year limitation period began on or about August 2, 2005, the last day petitioner could have filed a petition for a writ of *certiorari* with the Supreme Court of the United States. SUP. CT. R. 13.1. That date triggered the one-year limitations period which expired on August 2, 2006.

Petitioner's state habeas application was pending before the Texas Court of Criminal Appeals from July 21, 2006 until January 10, 2007, at which time the Texas Court of Criminal Appeals denied relief. A properly filed state writ application tolls the limitations period while the claim or judgment is pending in state court. 28 U.S.C. § 2244(d)(2); *Villegas v. Johnson*, 184 F.3d 467, 473 (5th Cir.

1999) (concluding petition filed in accordance with state's procedural filing requirements tolls one-year limitations period during pendency of petition). Petitioner's state application was pending before the Texas Court of Criminal Appeals for 173 days; thus tolling the limitations period for filing the federal application until January 22, 2007. Petitioner filed the pending federal habeas action on August 15, 2007, well after the expiration of the limitations period. Therefore, his federal habeas petition is untimely and subject to dismissal.

Petitioner seeks equitable tolling of the limitations period on the ground that he was not timely notified that his state habeas application had been denied by the Texas Court of Criminal Appeals. (Docket Entry No.2). Petitioner alleges that he did not receive timely notice from the Texas Court of Criminal Appeals that it denied his state habeas application on January 10, 2007. Instead, he indicates that he received notice from the Texas Court of Criminal Appeals that his Motion for Leave to File Motion to Remand was received by the Texas Court of Criminal Appeals on January 11, 2007. On January 22, 2007, petitioner filed a motion for summary judgment or evidentiary hearing in the 284th State District Court, which was forwarded to the Texas Court of Criminal Appeal. (*Id.*). On May 6, 2007, petitioner inquired by letter about the status of his state habeas application. (*Id.*). Petitioner received notification on May 14, 2007 that his state habeas application had been denied on January 10, 2007. (*Id.*). Plaintiff argues that the failure to notify him in a timely manner of the disposition of his state habeas application constitutes a state created impediment that entitles him to equitable tolling of the limitations period. (*Id.*).

Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996). "Equitable tolling is

4

appropriate when, despite all due diligence, a plaintiff is unable to discover essential information bearing on the existence of his claim." *Fisher v. Johnson*, 174 F.3d 710, 715, n.14 (5th Cir.1999). To be entitled to equitable tolling, a petitioner must diligently pursue his post-conviction relief. *Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001). A habeas petition has the burden of proving that he is entitled to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797 (5th Cir. 2000).

"[I]gnorance of the law or of statute of limitations is insufficient to warrant tolling." *Felder v. Johnson*, 204 F.3d 168, 172 (5th Cir. 2000). That petitioner proceeds without counsel likewise does not warrant equitable tolling. *Id.* at 171. Neither unfamiliarity with the legal process nor "lack of representation during the applicable filing period merits equitable tolling." *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999). Although petitioner is incarcerated and is proceeding without counsel, his ignorance of the law does not excuse his failure to timely file his petition. *Fisher,* 174 F.3d at 714.

A delay in receiving notification of the denial of a state habeas application may qualify for equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000), *reh'g granted in part on other grounds*, 223 F.3d 797 (5th Cir. 2000). In such an instance, the diligence of the petitioner is of foremost concern because "equitable tolling should only be applied if the applicant diligently pursues § 2254 relief." *Melancon*, 259 F.3d at 408. In this case, petitioner fails to show that he diligently pursued state habeas relief. First, petitioner waited over eleven months after his conviction was final to file his state habeas application. *See Nelms v. Johnson*, 51 Fed. Appx. 482 (5th Cir. 2002) (not selected for publication) (noting that "court has found no case in which equitable tolling was granted after a petitioner had let ten months of the AEDPA limitations period slip by). Second, petitioner failed to request information on the status of his state habeas application until nine months

after he filed it; therefore, he failed to diligently keep himself informed regarding the status of his application. *See Lewis v. Cockrell*, 275 F.3d 46 (5th Cir. 2001) (not selected for publication) (holding that a district court may properly consider the diligence of a petitioner both before and after he receives delayed notice of the denial of his PDR); *see also Binder v. Dretke,* No. 4:05-CV-0602-Y, 2005 WL 3543350, at *3 (N.D.Tex. Dec.22, 2005) (noting that a petitioner has an obligation to keep informed about the status of his habeas proceedings).

Because petitioner has not demonstrated that he acted diligently while pursuing habeas relief in state courts, he is not entitled to equitable tolling based on the Court of Criminal Appeals' alleged delay in notifying him of the denial of his state habeas application. *See Fisher*, 174 F.3d at 713 n.11 (noting that "[e]quity is not intended for those who sleep on their rights). Accordingly, the Court finds that petitioner's federal petition is barred by the AEDPA's one-year limitation period and, therefore, this action is DISMISSED.

### III.    CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show

that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beazley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000).  A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).  For the reasons set forth in this Opinion on Dismissal, the Court has determined that petitioner has not made a substantial showing that reasonable jurists would find the Court's procedural ruling debatable.  Therefore a certificate of appealability from this decision will not issue.

IV.    CONCLUSION

Accordingly, the court ORDERS the following:

1. Petitioner's motion for leave to file motion for production/subpeona documents (Docket Entry No.8) is DENIED, as moot.

2. Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is DENIED.

3. A certificate of appealability is DENIED.

4. This cause of action is DISMISSED with prejudice.

5. All pending motions are DENIED.

The Clerk shall provide a copy of this Order to the parties.

Signed at Houston, Texas, on this 11th day of July, 2007.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE

7